**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | | |
|---|---|---|
| MARY L. JACKSON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO.: 1:14-CV-119 (LJA) |
| | : | |
| GOLDCO, LLC, | : | |
| d/b/a BURGER KING, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## ORDER

Before the Court is Defendant Goldco, LLC's ("Goldco") Motion to Dismiss or, in the alternative, for Summary Judgment. (Doc. 14.) For the following reasons, Defendant's Motion is **GRANTED**.

## BACKGROUND

This action concerns alleged age discrimination against Plaintiff Mary Jackson in connection with her application for employment at a Burger King in Cairo, Georgia. On or about September 26, 2013, Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), alleging that Burger King failed to hire her because of her age. (Doc. 14-3 at 6.) The EEOC subsequently issued Plaintiff a right-to-sue letter on May 16, 2014. (*Id.* at 8.) Thereafter, on August 15, 2014, Plaintiff commenced this action against Burger King Corporation ("BKC"), alleging violations of the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* (the "ADEA"). (Doc. 1.)

After commencing the action, Plaintiff was advised that BKC did not own this particular location and that the subject store was owned and operated by Burger Gulf Coast, LLC ("Burger Gulf"). (Doc. 11.) Consequently, on October 10, 2014, Plaintiff amended her complaint (the "First Amended Complaint"), substituting Burger Gulf for BKC. (Doc. 6.) Burger Gulf did not respond to the First Amended Complaint, and, as a result, Plaintiff filed

a motion for default on February 20, 2015. (Doc. 10.) The Clerk of the Court entered the default on February 24, 2015, and directed Plaintiff to file a motion for a default judgment within 21 days. Rather than filing said motion, on March 25, 2015, Plaintiff moved to set aside the default and permit the filing of a second amended complaint (the "Second Amended Complaint"). (Doc. 11.)

In the motion to set aside the default, Plaintiff asserted that, following the substitution of Burger Gulf for BKC, Plaintiff was informed that the information she had received regarding the owner of the subject store "was inaccurate, and that yet another entity[,] Goldco LLC[,] was the owner of that Burger King at the time [of the alleged discrimination]." (*Id.* at 1.) As such, the Second Amended Complaint sought to substitute Goldco for Burger Gulf. (Doc. 12.) On April 8, 2015, the Court granted Plaintiff's motion to set aside the default and file the Second Amended Complaint. (Doc. 13.) Thereafter, on April 29, 2015, Goldco timely moved to dismiss the Second Amended Complaint or, in the alternative, for summary judgment. (Doc. 14.) After receiving an extension from the Court, Plaintiff filed her Response to Goldco's Motion on May 20, 2015 (Doc. 17), and Goldco filed its Reply on July 6, 2015. (Doc. 18.)

In its Motion, Goldco contends that Plaintiff's claims are untimely because Plaintiff substituted Goldco after the expiration of the statute of limitations. In response, Plaintiff contends that the claims asserted in the Second Amended Complaint relate back to the filing of the original Complaint and are, thus, timely. Although "[a]s a general rule summary judgment should not be granted until the party opposing the motion has had an adequate opportunity to conduct discovery," *Reflectone, Inc. v. Farrand Optical Co.*, 862 F.2d 841, 843 (11th Cir. 1989), because "Plaintiff does not object to this court's consideration [of the applicability of the relation-back doctrine] . . . based on the limited record before it under Rule 56," (Doc. 17 at 1), the Court will construe Goldco's Motion as one for summary judgment.

**SUMMARY JUDGMENT STANDARD**

Federal Rule of Civil Procedure 56 allows a party to move for summary judgment at any time. Fed. R. Civ. P. 56(b). "Summary judgment is appropriate if the pleadings,

depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Maddox v. Stephens*, 727 F.3d 1109, 1118 (11th Cir. 2013). "A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor." *Grimes v. Miami Dade Cnty.*, 552 F. App'x 902, 904 (11th Cir. 2014) (citing *Chapman v. AI Transp.*, 229 F.3d 1012, 1023 (11th Cir. 2000)). "An issue of fact is 'material' if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case." *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "It is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." *Tipton v. Bergrohr GMBH-Siegen*, 965 F.2d 994, 998 (11th Cir. 1992) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

The movant bears the initial burden of showing, by reference to the record, that there is no genuine issue of material fact. *See Celotex*, 477 U.S. at 323 (1986); *Barreto v. Davie Marketplace, LLC*, 331 F. App'x 672, 673 (11th Cir. 2009). The movant can meet this burden by presenting evidence showing there is no genuine dispute of material fact, or by demonstrating to the district court that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *See Celotex*, 477 U.S. at 322-24. Once the movant has met its burden, the nonmoving party is required "to go beyond the pleadings" and identify "specific facts showing that there is a genuine issue for trial." *Id.* at 324. To avoid summary judgment, the nonmoving party "must do more than summarily deny the allegations or show that there is some metaphysical doubt as to the material facts." *Matsuhita*, 475 U.S. at 586 (citations and internal quotations omitted). Instead, the nonmovant must point to evidence in the record that would be admissible at trial. *See Jones v. UPS Ground Freight*, 683 F.3d 1283, 1294 (11th Cir. 2012) (noting that hearsay may be considered on a motion for summary judgment only if it "could be reduced to admissible evidence at trial or reduced to admissible form") (quotation

omitted). Such evidence may include affidavits or declarations that are based on personal knowledge of the affiant or declarant. *See* Fed. R. Civ. P. 56(c)(4).

On a motion for summary judgment, the Court must view all evidence and factual inferences drawn therefrom in the light most favorable to the nonmoving party and determine whether that evidence could reasonably sustain a jury verdict in its favor. *See Celotex*, 477 U.S. at 322-23; *Allen*, 121 F.3d at 646. The Court, however, must grant summary judgment if there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

Local Rule 56 requires that the movant attach to its motion for summary judgment a separate and concise statement of material facts to which the movant contends there is no genuine issue to be tried. M.D. Ga. L.R. 56. The non-movant must then respond "to each of the movant's numbered material facts." *Id.* "All material facts contained in the movant's statement which are not specifically controverted by specific citation to particular parts of materials in the record shall be deemed to have been admitted, unless otherwise inappropriate." *Id.* Here, Plaintiff did not file a response to Goldco's statement of facts and the exhibits attached thereto. Thus, Goldco's statement of material facts are admitted.

The Court, however, "cannot grant a motion for summary judgment based on default or as a sanction for failure to properly respond." *United States v. Delbridge*, No. 1:06-CV-110 (WLS), 2008 WL 1869867, at *3 (M.D. Ga. Feb. 22, 2008) (citing *Trustees of Cent. Pension Fund of Int'l Union of Operating Engineers & Participating Employers v. Wolf Crane Serv., Inc.*, 374 F.3d 1035, 1040 (11th Cir. 2004)). Instead, the Court must undertake an independent review of "the evidentiary materials submitted in support of the motion" to ensure that the defendant has met its burden of demonstrating the absence of a genuine issue of material fact. *United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004); *see also Delbridge*, 2008 WL 1869867, at *3 (finding that the "Court must make an independent review of the record," even if the non-movant fails to respond to the statement of material facts ). Having established the applicable standards, the Court will now proceed with reviewing the merits of Goldco's Motion.

## **DISCUSSION**

Under the ADEA, a plaintiff must commence an action within 90 days of receiving a right-to-sue letter from the EEOC.  29 U.S.C. § 626(e); *see also Miller v. Georgia*, 223 F. App'x 842, 844 (11th Cir. 2007). "Once a defendant contests the issue of whether the complaint was filed timely, the plaintiffs bear the burden of showing that they have met the requirement." *Kerr v. McDonald's Corp.*, 427 F.3d 947, 951 (11th Cir. 2005) (citing *Green v. Union Foundry Company*, 281 F.3d 1229, 1233–34 (11th Cir. 2002)).

Plaintiff commenced this action on August 15, 2014, 91 days after the EEOC mailed the right-to-sue letter on May 16, 2014. According to the Eleventh Circuit, "statutory notification is complete only upon actual receipt of the right to sue letter." *Id.* at 952. Because no evidence has been offered as to date on which Plaintiff actually received the letter, the Court will add three days for delivery of mail. *See id.* at 953 n.9 ("When the date of receipt is in dispute, this court has applied a presumption of three days for receipt by mail, akin to the time period established in Fed. R. Civ. P. 6(e)." (citing *Zillyette v. Capital One Fin. Corp.*, 179 F.3d 1337, 1340-41 (11th Cir. 1999)). Thus, the statute of limitations expired on August 17, 2014. As such, Plaintiff's original Complaint against BKC was timely filed on August 15, 2014.

Plaintiff, however, did not substitute Goldco as a party until the Second Amended Complaint was filed on April 8, 2015, approximately 235 days after the expiration of the limitations period. Thus, whether Plaintiff's claims against Goldco are barred by the statute of limitations depends upon whether the Second Amended Complaint relates back to the filing date of the original Complaint. "Rule 15(c) of the Federal Rules of Civil Procedure governs when an amended pleading 'relates back' to the date of a timely filed original pleading and is thus itself timely even though it was filed outside an applicable statute of limitations." *Krupski v. Costa Crociere*, 560 U.S. 538, 541 (2010). Pursuant to Rule 15(c)(1)(C), an amendment that "changes the party or the naming of the party against whom a claim is asserted" relates back if (i) "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out-or attempted to be set out-in the original pleading," Fed. R. Civ. P. 15(c)(1)(B), (C), and, (ii) "within the period provided by Fed. R.

Civ. P. 4(m) for serving the summons and complaint, the party to be brought in by an amendment both (1) received notice of the action, such that it would not be prejudiced in defending on the merits, and (2) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." *Mendez v. Jarden Corp.*, 503 F. App'x 930, 937 (11th Cir. 2013). Under the 2014 edition of the Federal Rules of Civil Procedure, "Rule 4(m) requires a plaintiff to properly serve the defendant within 120 days of the plaintiff filing the complaint." *Lepone-Dempsey v. Carroll Cty. Comm'rs*, 476 F.3d 1277, 1280-81 (11th Cir. 2007) (citing Fed. R. Civ. P. 4(m)).[1] There is not dispute that the claims asserted against BKC in the original Complaint mirror those asserted against Goldco in the Second Amended Complaint. (*See* Docs. 1, 12.) Thus, at issue is whether (1) Goldco received notice of this action by December 15, 2014,[2] and (2) whether it knew or should have known that, but for a mistake concerning its identity, this action would have been brought against it.

Goldco contends that the Second Amended Complaint does not relate back to the filing of the original Complaint because Plaintiff's mistake was due to a lack of knowledge concerning the identity of the proper owner of the Burger King at the time of the alleged discrimination. Goldco further contends that Plaintiff should have known that Goldco was the proper party because Goldco responded to the EEOC complaint. Contrary to Goldco's contention, the Supreme Court has held that "relation back under Rule 15(c)(1)(C) depends on what the party to be added knew or should have known, not on the amending party's knowledge or its timeliness in seeking to amend the pleading." *Krupski*, 560 U.S. at 541. Thus, by focusing on Plaintiff's knowledge, Goldco "chose the wrong starting point." *Id.* at 548. "Rule 15(c)(1)(C)(ii) asks what the prospective *defendant* knew or should have known during the Rule 4(m) period, not what the *plaintiff* knew or should have known at the time of filing her original complaint." *Id.* (emphasis in original). "The reasonableness of the mistake is not itself at issue." *Id.* at 549. Therefore, the question here "is not whether [Plaintiff] knew

---

[1] Effective December 1, 2015, Rule 4(m) was amended by reducing the time within which to perfect service from 120 days to 90 days. Fed. R. Civ. P. 4(m). However, as this matter was filed on August 15, 2014, the 2014 Rules apply.

[2] Because a 120 days from August 15, 2014 falls on a Saturday, service was required to be perfected by the following Monday, December 15, 2014. *See* Fed. R. Civ. P. 6(a)(1)(C).

or should have known the identity of [Goldco] as the proper defendant, but whether [Goldco] knew or should have known that it would have been named as a defendant but for an error." *Id.* at 548; *see also Lindley v. City of Birmingham, Ala.*, 515 F. App'x 813, 816 (11th Cir. 2013) (finding that "the pertinent question [under Rule 15(c)] is whether within the Rule 4(m) period the defendant knew or should have known that it would have been named as a defendant but for an error").

It is undisputed that Goldco received actual notice of this lawsuit on January 22, 2015. (Doc. 14-2 at ¶ 5.) Goldco thus contends that because it did not have knowledge of the suit within the 120-day period provided under Rule 4(m) – by December 15, 2014 – the Second Amended Complaint does not relate back under Rule 15(c). In response, Plaintiff contends that Goldco had constructive knowledge of this suit through its participation in the EEOC proceedings. The Eleventh Circuit, however, has held that "[k]nowledge of the underlying events that establish a claim is not the equivalent to knowledge of the action." *Bloom v. Alvereze*, 498 F. App'x 867, 874 (11th Cir. 2012); *see also Morel v. DaimlerChrysler AG*, 565 F.3d 20, 26 (1st Cir. 2009) (finding that "notice requires knowledge of the filing of suit, not simply knowledge of the incident giving rise to the cause of action"). In other words, "the notice received must be more than notice of the event that gave rise to the cause of action; it must be notice that the plaintiff has instituted the action." *Singletary v. Pennsylvania Dep't of Corr.*, 266 F.3d 186, 195 (3d Cir. 2001).

Receiving a right-to-sue letter is not the equivalent of receiving notice of the institution of an action because a right-to-sue letter in no way guarantees that a prospective plaintiff will commence an action. In fact, because the right-to-sue letter was mailed to Goldco (Doc. 14-3 at 8) and because Goldco did not receive notice of this action within 120 days after the 90-day limitations period expired, Goldco reasonably could have assumed that Plaintiff did not intend to bring suit against it. *See Hodge v. Orlando Utilities Comm'n*, No. 09-CV-1059, 2009 WL 5067758, at *7 (M.D. Fla. Dec. 15, 2009). This is precisely why Rule 15(c) requires notice of the action within the time provided under Rule 4(m). Otherwise, a prospective defendant's interest in repose would be eviscerated. As explained by the Supreme Court in *Krupski*:

7

> A prospective defendant who legitimately believed that the limitations period had passed without any attempt to sue him has a strong interest in repose. But repose would be a windfall for a prospective defendant who understood, or who should have understood, that he escaped suit during the limitations period only because the plaintiff misunderstood a crucial fact about his identity.

560 U.S. at 550. Thus, the mere fact that Goldco participated in the EEOC proceedings, standing alone, does not impute notice of the existence of this action. *See Polk v. Sears, Roebuck & Co.*, No. 10-CV-0636, 2012 WL 671679, at *3 (S.D. Ala. Feb. 28, 2012) (finding that despite the fact that "Sears had knowledge that plaintiff ha[d] asserted claims against it to the EEOC," without more, plaintiff's claims against Sears did not relate back); *see also Afanador v. U.S. Postal Serv.*, 976 F.2d 724 (1st Cir. 1992) ("Receipt of appellants' letter demanding administrative resolution of their claims was not notice that appellants had instituted an action, the only relevant notice under Rule 15(c)."); *Cooper v. U.S. Postal Serv.*, 740 F.2d 714, 717 (9th Cir. 1984) (holding that under Rule 15(c) "the filing of an administrative claim does not impute notice of 'the institution of the action'"), *overruled on other grounds*, *Irwin v. Dep't of Veteran Affairs*, 498 U.S. 89 (1990).

Although courts have imputed notice where the new defendant and the originally named defendant share an "identity of interest" or the same legal counsel, Plaintiff has made no such showing here. "The 'identity of interest' method of imputing Rule 15(c)(3) notice to a newly named party . . . generally means that the parties are so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other." *Singletary*, 266 F.3d at 197 (citation omitted); *see also Pugh v. Kobelco Const. Machinery America, LLC*, 2009 WL 2486042, *2 (M.D. Ala. Aug. 12, 2009) (finding that "notice of a suit may be imputed where the new defendant and the originally named defendant share some identity of interest, or where the parties are so interrelated in their business operations that notice of the institution of an action against one would serve as notice to the other."). This "principle is often applied where the original and added parties are a parent corporation and its wholly owned subsidiary, two related corporations whose officers, directors, or shareholders are substantially identical and who have similar names or share office space, past and present forms of the same enterprise, or

8

co-executors of an estate." *Hernandez Jimenez v. Calero Toledo*, 604 F.2d 99, 103 (1st Cir. 1979); *see also Polk*, 2012 WL 671679, at *3 ("[W]here a complaint naming a corporation as the defendant is later amended to add the corporation's owner, *e.g.*, *Itel Capital Corp. v. Cups Coal Co.*, 707 F.2d 1253, 1258 (11th Cir. 1983), or parent corporation, *e.g.*, *Marks v. Prattco*, Inc., 607 F.2d 1153 (5th Cir. 1979), the added party is deemed to have had notice in light of its 'identity of interests' or close association with the original defendant.").

Related to the "identity of interest" method of imputing notice is the shared attorney method, pursuant to which courts impute notice "to the new party through shared counsel." *See Pugh*, 2009 WL 2486042, at *2 (citing *Pompey v. Lumkin*, 321 F. Supp. 2d 1254, 1263 (M.D. Ala. 2004)). This method of imputing notice "is based on the notion that, when an originally named party and the party who is sought to be added are represented by the same attorney, the attorney is likely to have communicated to the latter party that he may very well be joined in the action." *Singletary*, 266 F.3d at 196. "One could view the shared attorney method as simply a special case of, or as providing evidence for, the identity of interest method, in that sharing an attorney with an originally named party demonstrates that you share an identity of interest with that party." *Id.* at 197.

Plaintiff has failed to demonstrate an identity of interest between BKC and Goldco such that BKC's knowledge of this suit should be imputed to Goldco. Goldco and BKC are entirely separate corporate entities that do not share the same office space, corporate officers, shareholders, or legal counsel. The relationship between the two companies is limited to that of a franchisor and franchisee, which is too attenuated to find that notice of the institution of an action against one would serve as notice to the other. Accordingly, because Plaintiff has failed to establish that Goldco had notice or knowledge of this action by December 15, 2014, the Second Amended Complaint does not relate back to the filing of the original Complaint. *See Mendez*, 503 F. App'x at 937 (finding that claims did not relate back where the new defendant did not receive notice of the action within 120 days of the filing of the complaint). As such, Plaintiff's claims against Goldco are time-barred.

## CONCLUSION

In light of the forgoing, Goldco's Motion to Dismiss or, in the alternative, for Summary Judgment (Doc. 14) is **GRANTED**. It is hereby **ORDERED** and **ADJUDGED** that Plaintiff shall take nothing by his Second Amended Complaint (Doc. 12), and **JUDGMENT** shall be entered in favor of Defendant.

**SO ORDERED**, this 29th day of March, 2016.

/s/ Leslie J. Abrams
**LESLIE J. ABRAMS, JUDGE**
**UNITED STATES DISTRICT COURT**